### RANDOLPH ASSOCIATES, etc., Plaintiff,

v.

### WAKEFERN FOOD CORP., et al., Defendants.

### Civ. A. No. 81–1059.

United States District Court, D. New Jersey.

Oct. 30, 1981.

---

Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney, P.A. by Albert G. Besser, Newark, N.J., for plaintiff.

Wilentz, Goldman & Spitzer, P.C. by Frederic K. Becker, Woodbridge, N.J., Weil, Gotshal & Manges by Dennis J. Block, New York City, for defendant Wakefern Food Corp.

Riker Danzig, Scherer & Hyland by Frank J. Miele, Morristown, N.J., for defendants Romano and Ronetco Inc.

Francis & Berry by T.C.C. Humick, Morristown, N.J., for defendant Village Super Market, Inc.

## OPINION

CLARKSON S. FISHER, Chief Judge.

This motion to dismiss is brought by defendants pursuant to rule 12(b)(6), Federal Rules of Civil Procedure, for a failure to state a claim upon which relief can be granted. Defendants supported their motion with matters outside the pleading; this converted the rule 12(b)(6) motion into a motion for summary judgment to be disposed of as provided in rule 56. Adequate notice of the conversion has been given to all parties.

Plaintiff, Randolph Associates, is a real estate developer and landlord of a proposed shopping center in Randolph Township, New Jersey. In August 1973 plaintiff's predecessor in interest entered into a written agreement with defendant Village Supermarket to construct and lease to Village a building in the proposed shopping center, in which Village was to operate a retail store. Plaintiff alleges that Village was to operate a retail supermarket under the name of "Shop Rite," and that Village has anticipatorily breached the contract. Plaintiff's claim, however, extends far beyond that for breach of contract. Plaintiff alleges that defendant Wakefern Food Corp., a cooperative association owned by members who operate "Shop Rite" retail supermarkets, and defendants Village, Romano and Ronetco, all members of Wakefern, entered into an unlawful conspiracy in restraint of trade whereby no member of Wakefern can use the name Shop Rite or operate a Shop Rite retail supermarket within a 5-mile radius of a pre-existing Shop Rite supermarket without the express consent of such pre-existing supermarket. Defendants Romano and Ronetco both operate Shop Rite

supermarkets within 5 miles of the proposed shopping center. Plaintiff alleges that Romano and Ronetco refused to consent to the operation of the new Shop Rite, thereby causing Village to breach its lease agreement with plaintiff.

Plaintiff has instituted this action seeking damages and injunctive relief from defendants by virtue of an alleged violation of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. Plaintiff also brings, by way of pendent jurisdiction, claims for breach of contract, interference with a prospective economic advantage, and interference with contractual relations.

Defendants contend on this motion that: (A) plaintiff lacks standing to press its claim for antitrust damages, (B) plaintiff cannot establish an "antitrust injury," and (C) plaintiff's allegation of threatened injury is insufficient to afford injunctive relief.

Rule 56(c) provides that a summary judgment shall be rendered if "there is no genuine issue as to any material fact" and if "the moving party is entitled to a judgment as a matter of law." The party who moves for summary judgment has the burden of demonstrating that there is no genuine issue of fact. *Manetas v. International Petroleum Carriers, Inc.*, 541 F.2d 408, 413 (3d Cir. 1976). The existence of disputed issues should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party. *Ely v. Hall's Motor Trans. Co.*, 590 F.2d 62, 66 (3d Cir. 1978).

Section 4 of the Clayton Act, 15 U.S.C. § 15, provides that "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue ...." A literal construction of this statute would afford relief to all persons whose injuries are causally related to an antitrust violation. However, § 4 has been interpreted in a more narrow fashion. As the United States Supreme Court noted in *Hawaii v. Standard Oil Co.*, 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972), "[t]he lower courts have been virtu-ally unanimous in concluding that Congress did not intend the antitrust laws to provide a remedy in damages for all injuries that might conceivably be traced to an antitrust violation." 405 U.S. at 263 n.14, 92 S.Ct. at 891 n.14.

■ The test for standing under § 4 of the Clayton Act has been spelled out in this circuit by *Cromar Co. v. Nuclear Materials & Equipment Corp.*, 543 F.2d 501 (3d Cir. 1976) and *Bravman v. Basset Furn. Industries, Inc.*, 552 F.2d 90 (3d Cir. 1977). In *Cromar*, the court analyzed earlier Third Circuit opinions on § 4 standing and concluded

> [e]ach case ... must be carefully analyzed in terms of the particular factual matrix presented. In making this factual determination courts must look to, among other factors, the nature of the industry in which the alleged antitrust violation exists, the relationship of the plaintiff to the alleged violator, and the alleged effect of the antitrust violation upon the plaintiff. Then, while recognizing that breaches of the antitrust laws have effects throughout society, a court must decide whether this plaintiff is one "whose protection is the fundamental purpose of the antitrust laws."

543 F.2d at 506 (citation omitted). This approach was followed a year later in *Bravman*. In that case, the court noted

> [w]e think ... [the] ... election to avoid labelling in favor of an examination of the factual matrix presented by each case in light of the policies underlying the antitrust laws is the more reasoned approach to § 4 standing. That approach recognizes that § 4 standing analysis is essentially a balancing test comprised of many constant and variable factors and that there is no talismanic test capable of resolving all § 4 standing problems.

552 F.2d at 99.

■ My examination of this case reveals that there does exist a genuine issue of material fact. Two of the factors to be

considered in determining § 4 standing are the relationship between the plaintiff and the alleged violators and the alleged effect of the antitrust violation upon the plaintiff. While it is undisputed that plaintiff entered into a lease with defendant Village, there is a dispute as to the requirements of that lease. Plaintiff alleges in its complaint that Village was required to operate a Shop Rite retail supermarket in the proposed shopping center; Village contends that it was only obligated to operate a retail store, that it did not even have to be a supermarket, much less a Shop Rite supermarket. The resolution of this factual dispute will have a bearing on the issue of standing. If the entire lease was conditioned on Wakefern's approval of a new Shop Rite supermarket and the alleged conspiracy prevented it from going forward, the injury to plaintiff would be more direct than if the lease simply foresaw any retail store and could go forward regardless of Wakefern's actions.

Summary judgment is never warranted except on a clear showing that there are no genuine issues of material fact. *Ely v. Hall's Motor Trans. Co.,* 590 F.2d 62. Not only does the factual dispute set out above render this case inappropriate for summary judgment, but it would be especially premature to decide the issue of plaintiff's standing to seek damages and equitable relief under this circuit's "factual matrix" test when all of the facts have not yet been established. Accordingly, defendants' motion is denied. Plaintiff shall submit an order within 10 days. No costs.